UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AMY HARRINGTON,
                  Plaintiff,

                                                                                     Civil Action No.

v.

NATIONAL CREDIT WORKS, INC,
WILLIAM TURNER, JOHN DOE 1,
JOHN DOE 2, JANE DOE 1
AND JANE DOE 2,
                  Defendants.
-----------------------------------------------------------X

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff AMY HARRINGTON (hereinafter the "Plaintiff" or "Harrington") files this Complaint against defendants NATIONAL CREDIT WORKS, INC (hereinafter, "NCW" of "National Credit Works"), WILLIAM TURNER, JOHN DOE 1, JOHN DOE 2, JANE DOE 1 and JANE DOE 2 (hereinafter, the "Individual Defendants"; together with NCW, hereinafter, "Defendants"), for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "Fair Debt Collection Practices Act" or the "FDCPA"), and New York General Business Law 349 § a (the "GBL").

### Introduction

1.    This is a civil action for statutory and actual damages arising from defendant NCW, the Individual Defendants and NCW's collection agents' violations the Fair Debt Collection Practices Act and New York General Business Law. The Defendants attempted to collect a debt from the Plaintiff which she had already paid. In doing so, the Defendants illegally threatened to imprison the Plaintiff. The Defendants also disclosed information relating

to her alleged debt to her fiancé, an unauthorized third party. These violations caused severe emotional and mental distress.

2. Ms. Harrington has suffered actual and statutory damages from these deliberate violations, and now seeks relief from this Court for redress of these violations of the FDCPA and the GBL.

## Jurisdiction

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 & 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## Parties

4. The Plaintiff, Amy Harrington, is a natural person residing in the County of New York, State of New York, and she resides within this District.

5. The Plaintiff is a "consumer" as that term is defined in Section 1692(a)(3) of the FDCPA, in that the alleged debt that the Defendants sought to collect from her is a consumer debt.

6. The Defendant National Credit Works is a New York Corporation and is located in Rensselaer County, New York, and is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA: upon information and belief, NCW is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

7. The Defendant William Turner is an individual who is employed in the State of New York or New Jersey, and is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA: upon information and belief, William Turner is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

8. The Defendant John Doe 1 is an individual who is employed in the State of New York or New Jersey, and is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA: upon information and belief, John Doe 1 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

9. The Defendant John Doe 2 is an individual who is employed in the State of New York or New Jersey, and is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA: upon information and belief, John Doe 2 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

10. The Defendant Jane Doe 1 is an individual who is employed in the State of New York or New Jersey, and is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA: upon information and belief, Jane Doe 1 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

11. The Defendant Jane Doe 2 is an individual who is employed in the State of New York or New Jersey, and is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA: upon information and belief, Jane Doe 2 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

### Factual Allegations

12. On or about November 2008, the Plaintiff's fiancé received a telephone call from a debt collector employed by NCW who disclosed information relating to a debt allegedly owed by the Plaintiff to the Defendant.

13. The Plaintiff had in fact paid this debt several months before.

14. On or about November 2008, the debt collector left a message on the Plaintiff's answering machine, in which the Defendants stated the following:

> 11:00 PM. Hi, my name is investigator William Turner. I am calling in reference to a petition that is being filed for court order. There are two charges being placed in county court for Miss Amy Harrington. These charges are very, very serious. This is a legal investigation involving Miss Harrington, so do not disregard or ignore this message. Failure to respond to my call will result in a summons being issued either at your place of employment and/or residence, by local county sheriff's, and the local authorities. Once again, my name is investigator William Turner, calling in reference to two complaints being placed through Rensselaer County Municipal Court on Miss Amy L Harrington age 29. You need to contact me so I can get your side of the story, get a statement from you. Please be advised that failure to respond, again, will result in a summons against you either at Amy's place of employment or her residence of a local county sheriff and/or local authorities. You need to contact me now Amy, so we can get down to the bottom of this. I can be reached, I'm calling from New York also, I can be reached at area code (716) 683-0519. (716) 683-0519. Or I'm going to give you our toll free number, long distance from where you're at. It's 1-866-618-5731. Good luck to you.

This Plaintiff believed that she was in danger of imminent arrest and imprisonment. The Defendant's actions have caused her severe emotional distress, embarrassment, and she has incurred actual and statutory damages as a result thereof.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

15.  The Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

16.  The defendants NATIONAL CREDIT WORKS, INC., WILLIAM TURNER, JOHN DOE 1, JOHN DOE 2, JANE DOE 1 and JANE DOE 2 violated the FDCPA in numerous ways, including, but not limited to, threatening to imprison the Plaintiff and disclosing a debt to a third party allegedly owed by the Plaintiff without consent of the Plaintiff.

17.  As a result of the violations of the FDCPA, the defendants NATIONAL CREDIT WORKS, WILLIAM TURNER, JOHN DOE 1, JOHN DOE 2, JANE DOE 1 and

JANE DOE 2 are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and that the Plaintiff's actual damages as further expressed herein, statutory damages, and cost and attorney's fees.

## SECOND CAUSE OF ACTION

### Violation of the General Business Law § 349-a

18. New York General Business Law § 349-a states:

Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

19. The defendants NATIONAL CREDIT WORKS, WILLIAM TURNER, JOHN DOE 1, JOHN DOE 2, JANE DOE 1 and JANE DOE 2 violated the GBL in numerous ways, including, but not limited to, threatening to imprison the Plaintiff and disclosing a debt to a third party allegedly owed by the Plaintiff without consent of the Plaintiff.

**WHEREFORE**, Plaintiff AMY HARRINGTON respectfully requests that judgment be entered against the Defendants NATIONAL CREDIT WORKS, WILLIAM TURNER, JOHN DOE 1, JOHN DOE 2, JANE DOE 1 and JANE DOE 2 for the following:

A. Actual damages in the amount of $250,000 and statutory damages pursuant to 15 U.S.C. § 1692k and the New York General Business Law Section 349;

B. Attorneys' fees, litigation expenses and costs incurred in bringing this action;

C. For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: New York, New York
June 4, 2009

Respectfully submitted,

SERPE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Sean C. Serpe, Esq.
450 Seventh Avenue
Suite 2601
New York, New York 10123
(212) 725-3600