**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────────

**AMY HARRINGTON,**

                      **Plaintiff,**                **1:09-CV-823 (NAM/RFT)**

    **vs.**

**NATIONAL CREDIT WORKS, INC,**
**WILLIAM TURNER, JOHN DOE 1, JOHN DOE 2,**
**JANE DOE 1 AND JANE DOE 2,**

                      **Defendants.**

───────────────────────────────────────────────

**Norman A. Mordue, Chief U.S. District Judge:**

### ORDER OF DISMISSAL

This action was filed on July 20, 2009. None of the above-named defendants have appeared in this action or answered the complaint. On May 10, 2010, plaintiff moved for default judgment. Dkt. No. 14. In a Memorandum Decision and Order entered on March 4, 2011, the Court denied the motion because, *inter alia*, the complaint failed to plead defendants' liability under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Dkt. No. 16. The Court, however, denied the motion without prejudice, thereby giving plaintiff the opportunity to again seek default judgment by filing more detailed submissions. Additionally, the Court directed plaintiff to file an amended complaint to correct the residence of the parties, on or before March 14, 2011.

In the five months since the entry of the above-referenced Memorandum Decision and Order, plaintiff has not moved for default judgment, filed an amended complaint, or pursued this action in any manner. Thus, on July 22, 2011, pursuant to Local Rule 41.2(a) and in accordance with its practice of dismissing cases which appear not to have been diligently prosecuted, this

action was placed on the Court's August 17, 2011, dismissal calendar. The Court directed plaintiff to file, on or before August 3, 2011, a certificate setting forth the status of the action and showing good cause why the action should not be dismissed. Dkt. No. 17. The Court advised plaintiff that failure to respond would result in the issuance of "a written order dismissing the case for failure to prosecute." Dkt. No. 17. Plaintiff has not responded.

When considering dismissal for failure to prosecute, the Court must look to:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotations and citations omitted). Dismissal is a "'harsh remedy to be utilized only in extreme situations,'" *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

Having considered the five factors, the Court finds dismissal is warranted in this case. First, more than five months have passed since plaintiff's motion for default judgment was denied. Plaintiff has filed no additional motions and failed to comply with the Court's direction to amend the complaint to correct the issue regarding the location of the parties' residences.

Second, by letter dated July 22, 2011, plaintiff was unequivocally advised that the action would be dismissed if a status report was not filed. Dkt. No. 17.

Third, defendants have not appeared in this action, therefore they are unlikely to suffer prejudice by further delay or dismissal.

Fourth, having weighed the opportunities plaintiff has had to be heard against the need to

alleviate court calendar congestion, the Court finds this factor weighs in favor of dismissal. In its previous Memorandum Decision and Order, the Court advised plaintiff of the deficiencies in her motion for default judgment and complaint. Because the motion was denied without prejudice, plaintiff had the opportunity to file a second motion for default judgment curing those deficiencies. Plaintiff, however, has made no attempt to file such a motion or further litigate this action.

Fifth, no lesser sanction would be effective in this case because it has never progressed beyond the pleading stage and there is nothing in the record that suggests plaintiff has any interest in pursuing this action further. Thus, having weighed the relevant factors, the Court finds that dismissal, though extreme, is the most appropriate sanction in this case.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

Date:   August 18, 2011

Norman A. Mordue
Chief United States District Court Judge